**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VITALII POPOV,

                                        Petitioner,

        v.

WARDEN, OTAY MESA DETENTION
CENTER, *et al.*,

                                        Respondents.

Case No. 26-cv-02519-BAS-BJW

**ORDER REGARDING STATUS
REPORT AND NOTICE OF INTENT
TO EXECUTE REMOVAL ORDER**
**(ECF Nos. 5, 6)**

Petitioner Vitalii Popov, proceeding without a lawyer, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which argues his immigration detention has been unreasonably prolonged.  (ECF No. 1.)  The Court referred the matter for consideration of appointment of counsel.  (ECF No. 2.)  A week later, the Government filed a Notice of Intent to Execute Removal Order.  (ECF No. 5.)  The Government intends to promptly remove Petitioner to Russia.  (*Id.*)

Federal Defenders filed a Status Report.  (ECF No. 6.)  As suggested in the Petition, the Status Report confirms that Petitioner lost his asylum appeal in spring 2025, his lawyer missed the deadline to appeal from the BIA to the Ninth Circuit, and Petitioner was unsuccessful in reopening his asylum case.  (*Id.*)  Hence, his order of removal is final.  The Status Report also reports that Petitioner "earnestly believes that he will die if removed to

- 1 -

26cv2519

Russia." (*Id.*) He requests release from detention and an order enjoining his removal to Russia. (*Id.*)

Although this Court can consider Petitioner's claim of prolonged detention, the Court lacks jurisdiction to grant Petitioner relief from removal under 8 U.S.C. §§ 1252(g) and 1252(b)(9). Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Further, Section 1252(b)(9) states, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."

**IT IS SO ORDERED.**

**DATED: May 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv2519